**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roberto Alfonso, | No. CV 05-3974-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Richard T. Lynch, | |
| Defendant. | |

Currently, before the Court is Defendant Richard T. Lynch's ("Defendant") Motion to Dismiss for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative, failure to timely respond to a dispositive motion pursuant to LR. Civ. 7.2(i). (Dkt.# 4). After reviewing the papers, the Court issues the following Order.

**I.      Procedural History**

Plaintiff Roberto Alfonso ("Plaintiff") filed his Complaint against Defendant on December 7, 2005. (Dkt#1). Plaintiff issued a Summons as to Defendant on that same date. (Dkt#2). Defendant filed the instant Motion to Dismiss on December 20, 2005. (Dkt#4). On March 21, 2006, Defendant requested summary disposition on Defendant's Motion to Dismiss because of Plaintiff's failure to file a response. (Dkt#5). Notice of Defendant's request for summary disposition was sent unsuccessfully to Plaintiff. (Dkt.#6). Presumably, Plaintiff moved from his listed address as the written notification was returned to Defendant with an "undeliverable" notation from the United States Postal Service. (Dkt.#6).

1  The issue before the Court is whether Defendant's Motion to Dismiss should be granted pursuant
2  to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for failure to timely respond to a dispositive motion
3  pursuant to LR Civ. 7.2(i).

**II.     Background**

Plaintiff alleges that he should not have to appear for trial in a traffic-related offense in Avondale, Arizona. (Complaint). Plaintiff further alleges that the punishment for not appearing at his trial, a warrant for his arrest, violates the United States Constitution, the Colorado Constitution, maritime law, international law, common law, and the "law of the flag." (Id.).

**III.    Standard**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Ninth Circuit has stated that "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims. Id.

Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Section 1356 (1990). The notice pleading standard set forth in Rule 8 establishes "a powerful presumption against rejecting pleadings for failure to state a claim." Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). Therefore, a court must not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also U.S. v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

1   In addition, pursuant to LR Civ. 7.2(i), a "plaintiff's failure to timely respond to a motion may
2   be deemed a consent to the granting of the motion and the court may dispose of the motion
3   summarily." Heins v. Maricopa County, WL 3465180 (D. Ariz. 2005).

### IV.     Analysis

Defendant moves to dismiss Plaintiff's claims for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for failure to timely respond to a dispositive motion pursuant to LR Civ. 7.2(i).

### A.     Complaint is Unintelligible

In the instant case, the Complaint is unintelligible. Rather than establish a short and plain statement of his claim, Plaintiff offers what appear to be an unintelligible ranting against the Defendant and the American legal system. The Court is unable to discern the nature of the Plaintiff's claim. In his Complaint, the Plaintiff cites everything from the "Public Papers and Addresses of Franklin D. Roosevelt" and the "State of Colorado Constitution" to the Bible, yet offers no cognizable legal theory upon which his assertions rest. (Compl.). Consequently, Plaintiff's failure to comply with the basic pleading requirements under Fed. R. Civ. P. 8 coupled with Plaintiff's failure to offer a cognizable legal theory, require the Court to grant Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) .

### B.     Defendant is Entitled to Immunity

The Defendant in the instant case is a municipal judge in Avondale, Arizona. The Arizona Supreme Court has determined that:

> "...judges of courts of general jurisdiction are not liable in a civil action for damages for their judicial acts, even when such acts are in excess of their jurisdiction or are alleged to have been done maliciously or corruptly."

Acevedo by Acevedo v. Pima County Adult Probation Dept., 690 P.2d 38 (1984) (citing Bradley v. Fisher, 80 U.S. 335 (1874)) . Moreover, the "Eleventh Amendment bars suits against the state or its agencies for all types of relief, absent unequivocal consent by the state." Roman v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999). This ban extends to municipal courts as an "arm of the state." Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995).

There is no dispute in the instant case that the Defendant is a municipal judge in Arizona. Therefore, the judge is within the ambit of protection under the Eleventh Amendment and

1   entitled to judicial immunity. Consequently, Defendant's Motion to Dismiss pursuant to Fed. R.
2   Civ. P. 12(b)(6) on judicial immunity grounds is appropriate as well.  Moreover, because it is
3   apparent that any attempt to assert a claim against the Defendant would be futile, dismissal
4   without leave to amend is appropriate.  See Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th
    Cir. 2001) (dismissal without leave to amend is proper where complaint could not be saved by
5   amendment).

### C.     **Plaintiff Failed to Timely Respond to a Dispositive Motion**

Lastly, Plaintiff's failure to timely respond to Defendant's Motion to Dismiss affords Defendant a third ground for dismissal. Pursuant to LR Civ. 7.2(i), a "plaintiff's failure to timely respond to a motion may be deemed a consent to the granting of the motion and the court may dispose of the motion summarily." Heins v. Maricopa County, WL 3465180 (D. Ariz. 2005). In the present case, Plaintiff never responded to Defendant's Motion to Dismiss. Additionally, Defendant's written notification to Plaintiff of Defendant's Request for Summary Disposition was returned to Defendant indicating that Plaintiff no longer resided at his listed address. (Dkt#6, Attach. #1). Given Plaintiff's failure to respond and apparent move from his listed residence, the Court finds that Plaintiff has consented to the dismissal of his claim pursuant to LR Civ. 7.2(i).

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff's Complaint against Defendant is dismissed without leave to amend pursuant to Fed. R. Civ. P. 12(b)(6), and LR Civ. 7.2(i).

DATED this 7th day of July, 2006.

_____
Mary H. Murgula
United States District Judge